IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00634-BNB

MELVIN J. SCOTT,

    Plaintiff,

v.

EXEMPLA SAINT JOSEPH HOSPITAL,

    Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff, Melvin J. Scott, resides in Denver, Colorado. He initiated this action by filing a Complaint asserting a claim of medical negligence against the Defendant. Mr. Scott has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court construes Mr. Scott's Complaint liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* party must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). The Court has reviewed the Complaint and finds that it fails to allege an adequate basis to invoke this Court's subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332, and federal question jurisdiction under 28 U.S.C. § 1331.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence*. Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

In his Complaint, Mr. Scott asserts a state law medical negligence claim against the Defendant, a private entity. Mr. Scott does not allege conduct by a state actor occurring under color of law, nor does he assert any claims arising under the Constitution, federal laws, or treaties of the United States. Instead, he complains of private conduct by a private entity that implicates state tort law. Mr. Scott therefore cannot invoke this Court's jurisdiction on the basis of a federal question, pursuant to 28 U.S.C. § 1331. Instead, Mr. Scott must satisfy the diversity jurisdiction statute, 28 U.S.C. § 1332, to maintain his action in federal court.

A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991) (citations omitted); *see also* Fed. R. Civ.

P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

In the Complaint, Mr. Scott fails to allege adequately a basis for exercising diversity jurisdiction over his state law claim(s). He states that he resides in Colorado and that the Defendant is located in Colorado. He does not provide any factual allegations to show that Defendant's citizenship is in a state other than Colorado. *See* 28 U.S.C. § 1332(c) (a "corporation" is deemed a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business."). In addition, Mr. Scott fails to allege the requisite amount in controversy in his request for relief. The allegations of the Complaint are therefore insufficient to invoke this Court's diversity jurisdiction.

On March 15, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Scott to show cause, in writing and within thirty (30) days of the March 15, 2013 Order, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. On April 18, 2013, Mr. Scott filed an [Amended] Complaint (Doc. # 6) that consists of the first page of the Court's Complaint form, twenty-one pages of attached medical records, and the first page of the § 1915 Motion and Affidavit that he filed on March 11, 2013. Mr. Scott has failed to show cause to the Court's satisfaction why this case should not be dismissed for lack of subject matter jurisdiction. Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this 23rd day of April, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4